UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MELISSA B. ROBERTSON Plaintiff

v. Civil Action No. 3:22-cv-35-RGJ

SPECIALIZED LOAN SERVICING LLC Defendant

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of Plaintiff Melissa B. Robertson's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Court will dismiss the Complaint but allow Plaintiff to file an amended complaint.

**I.**

Plaintiff filed her Complaint on a Court-approved form against Defendant Specialized Loan Servicing LLC. [DE 1]. As the basis for this Court's jurisdiction, Plaintiff asserts both federal question, citing "28 U.S.C. section 1331, et seq., section 1331-1446," and diversity of citizenship, indicating that she is a citizen of Kentucky; that Defendant is incorporated under the laws of, and has its principal place of business in, Colorado; and that the amount in controversy exceeds $75,000. *Id.* at p. 3.

Plaintiff indicates that the events giving rise to her claims involve real property located in Louisville, Kentucky, and that "[t]hese events have especially taken place within the past few years, following the crises and debacles stemming from the Mortgage Meltdown disaster circa 2010." *Id.* at p. 4. In the section of the Complaint form asking for the facts underlying Plaintiff's claims, she alleges:

> Plaintiff's Denial of Right to Due Process and constitutional rights per improper mortgage company procedures, both servicing through an independent broker/

> realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities. (I.e., Divergent paths for both stipulate relevant causes of action). This action cites: Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures. Causes(s) of action exist from divergent paths taken by both the mortgage note and the deed of trust; E.g., A cloud on all title activity exists due to no definitive claimant of ownership of the note(s), due to divergent paths taken by both the mortgage note and by the deed of trust.

*Id.* at p. 5.

In the "Relief" section of the form, Plaintiff asserts:

> Plaintiff re-alleges, and incorporates by reference, all preceding allegations implemented in this Complaint as fully set forth herein. Defendant's claim estate or interest in real property described in this Complaint adverse to that of Plaintiff, and absent a valid trustee's deed, now set forth as an Absentee Trustee's Deed, as the existence of any valid trustee's deed which could benefit Defendants would be null and void, and in favor of the plaintiff, thereby effecting the necessary cancellation of said deed as Defendants' claims are without any right, and which Plaintiff now requests; e.g., with no valid trustee's deed. Defendants' have no legal right, tittle, or interest in real property which is the subject matter of this action, and is more commonly known as: 6418 TRADESMILL DRIVE, LOUISVILLE, KY 40291. Accordingly, Plaintiff also seeks monetary and punitive damages in the amount of $300,000.00.[1]

*Id.*

To her complaint, Plaintiff attaches a "Notice of Pending Legal Action (Lis Pendens)." [DE 1-1]. She also attaches a Civil Cover Sheet, on which she marked "Foreclosure." [DE 1-3].

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court

[1] In an "Irreparable Injury" section of the Complaint form, Plaintiff contends, "Later compensation therefore is moot, and will only injure plaintiff further." [DE 1, p. 5].

must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

Additionally, in order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

The complaint appears to concern a mortgage dispute between Plaintiff and Defendant related to real property located in Louisville, Kentucky. Plaintiff asserts federal-question and diversity jurisdiction.

**A. Federal-question jurisdiction**

Under the federal-question statute, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff alleges a "Denial of Right to Due Process and constitutional rights per improper mortgage company procedures, both servicing through an independent broker/realtor, and otherwise, and including, but not limited to, improper noticing for mortgage note and deed activities. (I.e., Divergent paths for both stipulate relevant causes of action)." [DE 1, p. 5]. To the extent Plaintiff may be attempting to assert constitutional violations under the federal civil-rights statute, 42 U.S.C. § 1983, she fails to state a § 1983 claim.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to allege that Defendant acted under color of state law, and § 1983 typically cannot be used to bring an action against private parties. *See Wilder v. Hall*, 501 F. Supp. 2d 887, 893 (E.D. Ky. 2007). Only if the alleged infringement of federal rights is fairly attributable

to the state may private parties be held to be state actors, *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982), and Plaintiff wholly fails to make this showing.

**B. Diversity jurisdiction**

As to the state-law tort claims, Plaintiff invokes diversity jurisdiction, asserting that both she and Defendant[2] are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (providing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States").

In this case, the Complaint contains only a general conclusory assertion of fraud, negligence, and misrepresentation. *See Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). It does not contain sufficient factual matter that, if accepted as true, states "'a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), and Plaintiff fails to place Defendant on notice as to any claims against it. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. 544).

[2] While Plaintiff indicates that Defendant Specialized Loan Servicing LLC is a citizen on Colorado, "limited liability companies 'have the citizenship of each partner or member,'" *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (quoting *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)), "[a]nd because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay*, 585 F.3d at 1005. As this information is not contained in the Complaint, it is unknown at this time whether complete diversity exists between the parties. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d at 355 ("Under [§ 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant.").

Although this Court recognizes that *pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), the duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For these reasons, the Court will dismiss the Complaint for failure to state a claim to relief that is plausible on its face against Defendant. Nevertheless, the Court will provide the *pro se* Plaintiff with an opportunity to file an amended complaint complying with the basic pleading requirements set forth in Section II. above. **The amended complaint will supersede and replace the original complaint [DE 1]** and therefore must contain specific facts (including dates, actions, and alleged wrongdoing by Defendant) sufficient to place Defendant on notice of the claims being asserted against it.

## IV. ORDER

Accordingly, **IT IS ORDERED** as follows:

(1) **Plaintiff's complaint [DE 1] is DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief may be granted.

(2) Plaintiff may file an amended complaint within **30 days** of the entry date of this Memorandum Opinion and Order. The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

(3) If Plaintiff fails to file an amended complaint within the allotted **30 days**, the Court will enter an Order dismissing the action for the reasons set forth herein.

(4) The **Clerk of Court is DIRECTED** to affix the instant case number and "Amended Complaint" on a "Complaint for a Civil Case" form and send the complaint form, a summons form, and a *Pro Se* Non-Prisoner Handbook to Plaintiff.

Date: August 8, 2022

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant
A961.005